UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMANTHA CLARK,

Plaintiff,

v.

CORRIDOR HOUSING, et al. ,

Defendant.

CASE NO. 3:25-cv-06122-BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Samantha Clark's motion to proceed *in forma pauperis* (IFP) based on her indigency, Dkt. 3. This Court must now decide whether Clark's proposed complaint, Dkt. 4, asserts a plausible claim. Clark also moves, before this Court, for appointment of counsel, Dkt. 5.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.*

ORDER - 1

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In exceptional circumstances, the court may ask an attorney to represent any person unable to afford counsel under 28 U.S.C. § 1915(e)(1). *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to

ORDER - 2

articulate the claims pro se in light of the complexity of the legal issues involved.

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Clark asserts Fair Housing Act (FHA), Americans with Disabilities Act (ADA), and Violence against Women Act (VAWA) claims against defendants Corridor Housing, Cambridge Management, and Stephanie Lowrance. Dkt. 4. She alleges she has experienced vandalism, harassment, and unwelcome surveillance since moving into her apartment, which is managed by defendants. She suspects that Keith Rex, an employee at the apartment complex, entered her apartment and tampered with electrical outlets and food she had left in her refrigerator. She asserts she became ill after eating and drinking items in her refrigerator, resulting in a positive narcotics drug screen despite not using any drugs. She asserts defendants have not acted on her request to move into another unit, resulting in a "belabored eviction process." Dkt. 4-1 at 6. She is "convinced that the defendant is associated with the religious organization [she] fled." *Id.* at 7. Finally, she claims defendants' actions were discriminatory and retaliatory "on the basis of religion/faith (lack thereof)" and her (unspecified) disability. *Id.* at 4, 7.

Clark's proposed complaint does not articulate sufficient facts to state a plausible claim. She does not adequately explain how defendants' actions violated her rights under the FHA, ADA, or VAWA. The Court is unable to draw any inferences of defendants' liability for the alleged misconduct.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984,

ORDER - 3

995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Clark may amend her complaint to articulate more clearly how defendants violated her rights. Any amended complaint should focus on the "who, what, when, where, and why" of the factual story and plausibly articulate why defendants' conduct is actionable in this Court.

Any amended complaint should be filed **within 21 days**. If Clark fails to address the deficiencies described in this Order, this case will be dismissed.

Because Clark does not allege a plausible claim at this stage, she does not meet the requirements for appointment of counsel under § 1915(e)(1). Her motion for counsel, Dkt. 5, is therefore **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated this 9 day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4